KENTUCKY BAR
ASSOCIATION, Movant,

v.

Brian D. SCHAEFER, Respondent.

No. 89–SC–000081–KB.

Supreme Court of Kentucky.

May 4, 1989.

## OPINION AND ORDER

On March 30, 1977, the respondent was indicted for the offense of bribery and for solicitation of perjury. He was convicted of bribery, a Class D felony, and sentenced to one year imprisonment. He was temporarily suspended from the practice of law as a result of that conviction and remained suspended until his conviction was reversed on appeal, after which he was reinstated.

Respondent was convicted again on a retrial of the charges in 1983, was again suspended temporarily, and his conviction once again was reversed by an appellate

court, at which time his order of suspension was vacated.

In 1986 the respondent entered a plea of guilty to a charge of tampering with a witness, a Class A misdemeanor, and was sentenced to 12 month's imprisonment and a fine of $500.00. Again disbarment proceedings were instituted against the respondent, and the Board of Governors has found the respondent guilty of engaging in unethical and unprofessional conduct tending to bring the Bar of Kentucky into disrepute, and by a vote of 17 to 0 recommended his disbarment.

Respondent requested that he be given credit for the actual time which he has been suspended since these hearings began. His request was denied by the Board of Governors.

The respondent has requested review only as to the denial of his request that he be given credit for time actually suspended. He states to the court that he has been under actual suspension for a period of more than five years and that in fact he has not engaged in the practice of law since these proceedings began in 1979.

After consideration of the entire matter, it is ordered that the respondent be, and he is hereby, permanently disbarred from the practice of law in the Commonwealth of Kentucky, and he is directed to pay the costs of these proceedings. It is further ordered that if the respondent seeks to file an application for reinstatement pursuant to SCR 3.520, he shall be given credit for the time that he has been actually suspended from the practice of law by the orders of this court as a result of these disciplinary proceedings.

Respondent shall notify all clients, if any, for whom he is actively involved in litigation or similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the Director of the Association.

STEPHENS, C.J., and COMBS, GANT, LAMBERT and VANCE, JJ., concur.

LEIBSON, J., not sitting.